981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kittye GRANT; Carrie Roberts, Plaintiffs-Appellants,
v.
Barry FOYE; Robert Burton; Earl Robataille; Carl Vidano;
Robert Orosco; Robert Archer; Phil Wigley; Brian Gerald;
Jerry Turkeurst; Michael Biggs; Steven Overcast; Randy
Toburen, Defendants-Appellees.
Robert BARWICK, Plaintiffs-Appellants,
v.
Barry FOYE; Robert Burton; Earl Robataille; Carl Vidano;
Robert Orosco; Robert Archer; Phil Wigley; Brian Gerald;
Jerry Turkeurst; Michael Biggs; Steven Overcast; Randy
Toburen, Defendants-Appellees.
 Nos. 91-55198, 91-55202.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1992.
Decided Dec. 16, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Barwick, Kittye Grant, and Carrie Roberts appeal pro se the district court's orders dismissing their federal and state law claims against members of the Huntington Beach Police Department ("HBPD"), members of the Orange County District Attorney's Office, and a member of the Orange County Probation Department. We reverse and remand.
 
 I.
 
 3
 These cases arise from an alleged undercover sting operation conducted by HBPD and, subsequently, a purported investigation of HBPD by the Orange County Organized Crime Task Force ("Task Force"). The following specific allegations can be gleaned from the record and briefs.
 
 
 4
 As part of an elaborate sting operation, HBPD retained plaintiff Robert Barwick to operate an escort and limousine service. In running this service, Barwick hired plaintiff Kittye Grant. During the course of the sting operation, Barwick and Grant learned of civil rights violations inflicted upon others by HBPD. Eventually, the Task Force undertook an investigation of HBPD and sought the assistance of Barwick and Grant. As a result, HBPD officers threatened Barwick and Grant to discourage them from providing information. To obtain their assistance, the Task Force inducted Barwick, Grant, and Grant's daughter, Carrie Roberts, into a witness protection program of sorts. Nothing came of the investigation, however, and eventually the Task Force denied plaintiffs further protection. The Task Force also took other action, such as disclosing plaintiffs' cooperation to HBPD officers, thereby exposing plaintiffs to greater threats from HBPD.
 
 
 5
 The threats made by HBPD, and the Task Force's actions in exposing plaintiffs to greater risk, form the basis for part of plaintiffs' complaints. Barwick, Grant, and Roberts also allege that, at some point, their participation in the witness protection program was involuntary. During the course of their participation in this program, plaintiffs further allege that they were deprived access to counsel. In addition, Grant claims that the Task Force illegally seized from her notes taken during the sting operation.
 
 
 6
 Pursuant to Fed.R.Civ.P. 12(b)(6), the district court dismissed plaintiffs' second amended complaints for failure to state claims upon which relief may be granted. The court found plaintiffs' claims barred by applicable statutes of limitation, absolute immunity, and state notice-of-claim statutes. The court also held that allegations of threats made against plaintiffs did not rise to the level of constitutional claims.
 
 II.
 
 7
 We review de novo a dismissal of a civil rights action for failure to state a claim. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). Dismissal is appropriate if the plaintiff can prove no set of facts to support her claim for relief. Gibson, 781 F.2d at 1337.
 
 
 8
 We conclude that plaintiffs have alleged sufficient facts to proceed at least to the summary judgment phase of litigation. Pleading facts to avoid defenses is not the ordinary stuff of complaints filed in federal court, see, e.g., Fed.R.Civ.P. 8(a), and we cannot be sure on this record that the plaintiffs are unable to present facts to overcome the statute of limitations and notice-of-claims statute. Furthermore, although we have held that absolute immunity can extend to investigations made at the behest of prosecutors, see Freeman v. Hittle, 708 F.2d 442, 443 (9th Cir.1983), plaintiffs might be able to survive summary judgment on this basis by demonstrating that defendants' actions are outside the scope of this protection. As such, dismissal pursuant to Rule 12(b)(6) is not appropriate.
 
 
 9
 We also find cognizable as constitutional claims Barwick's allegations that on two occasions certain defendants threatened him while holding a gun to his head. (Similar allegations made by Grant are more ambiguous, but cannot be dismissed out of hand.) On appeal, plaintiffs further elaborate on these allegations by claiming that defendants pulled the trigger without firing a shot while they were holding the gun to plaintiffs' heads.
 
 
 10
 We cannot agree with the district court that our holding in Gaut v. Sunn, 810 F.2d 923 (9th Cir.1987), disposes of these claims. Such acts amount to wanton infliction of psychological torture redressable under 42 U.S.C. § 1983. See Cooper v. Dupnik, 963 F.2d 1220, 1248-50 (9th Cir.) (en banc) ("sophisticated psychological torture" actionable under section 1983), cert. denied, 113 S.Ct. 407 (1992); see also Northington v. Jackson, 973 F.2d 1518, 1522-24 (10th Cir.1992) (reversing dismissal of section 1983 action where state actor "put a revolver to [plaintiff's] head without identifying himself as a corrections officer, [and] threatened to kill him"); Burton v. Livingston, 791 F.2d 97, 100-01 (8th Cir.1986) (reversing dismissal where state prisoner alleged that a corrections officer "pointed a lethal weapon at the prisoner, cocked it, and threatened him with instant death").
 
 
 11
 Plaintiffs are advised that, upon returning to the trial court, they may seek relief only for injuries--if any--which they received themselves. Alleged injuries and civil rights violations allegedly inflicted on others are not relevant to this case.
 
 
 12
 REVERSED and REMANDED.**
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 Appellees' motion to strike portions of Grant's and Barwick's reply briefs is denied