

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2009

# Juan Newland v. Lori Reehorst

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2306

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Juan Newland v. Lori Reehorst" (2009). *2009 Decisions*. Paper 1376.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1376

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2306
_____

JUAN MAURICE NEWLAND,

Appellant

v.

LORI REEHORST, PENNSYLVANIA BOARD
OF PROBATION AND PAROLE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-00258)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MARCH 13, 2009
Before: BARRY, SMITH AND GARTH, Circuit Judges

(Opinion filed:  May 12, 2009)
_____

OPINION
_____

PER CURIAM

Juan Maurice Newland, a prisoner proceeding pro se, appeals an order of the

United States District Court for the Western District of Pennsylvania dismissing his civil

rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Newland filed a complaint on October 9, 2007, alleging that his parole officer, Lori Reehorst, imposed a restriction that "my wife can't live with me and we've been married since 2003." He claimed that Reehorst met him in Central Park in Johnstown, Pennsylvania, on October 9, 2007, and warned him that she would charge him with a violation of parole if his wife, Angie Newland, stayed at his apartment. Newland supplemented the complaint a short time later with a signed a "Special Conditions of Parole" form. The form states that "[y]ou are not permitted to move anyone into your approved residence without first receiving permission from your supervising parole agent." He sought equitable relief and damages.

Reehorst filed an answer in which she admitted that she had prohibited Newland from living with his wife, further explaining that Newland's criminal history of violent crimes and his prison record led her to believe that he might act violently toward Angie Newland. She also averred that she required Newland's participation in domestic abuse counseling before she would approve his living arrangements with his wife. Reehorst asserted that the complaint was moot because Newland was charged in November 2007 with technical violations of his parole (positive urine test for cocaine and admissions of drug abuse), and because Newland's or his wife's circumstances might change by the time he was released from prison. She raised qualified immunity as an affirmative defense to Newland's claim for damages.

The Magistrate Judge recommended that the complaint be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B), finding that Newland's claim for equitable relief was moot because there was no evidence that Newland's wife would be at liberty to live with him or that Reehorst would be supervising him upon his release from prison. As for Newland's claim for damages, after reciting the facts contained in Reehorst's Answer, the Magistrate Judge recommended dismissal under § 1915(e)(2)(B)(iii) of Newland's marital association claim on the ground that Reehorst enjoyed qualified immunity. The Magistrate Judge found that Newland's constitutional rights were not violated because the law allowed for parole restrictions such as those Reehorst imposed on Newland. Moreover, the Magistrate Judge found that, "even if the law were not positively against the plaintiff, the mere absence of controlling legal authority forbidding defendant from giving plaintiff what appears to be a reasonable order is enough reason to enter judgment for Reehorst." Newland objected, stating, among other things, that Reehorst had told him that he could not live with Angie Newland, not because of anything that he would do, but because Mrs. Newland would make him relapse into using drugs and alcohol.[1] The District Court overruled Newland's Objections, adopted the Magistrate Judge's Report and dismissed the § 1983 complaint. Newland filed this timely appeal.

---

[1] Newland admitted that he had one criminal conviction for voluntary manslaughter in 1976, but denied any other record of convictions for violent crimes or for domestic violence. He admitted that his wife had filed two petitions for abuse against him when she left him in the past, but that she had dropped both petitions. He further claimed that Reehorst lied when she testified at the child custody hearing that Newland had broken his wife's jaw and he denied ever being convicted of corrupting a minor in 1974, to which Reehorst allegedly testified. See Objections at 2.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review of the District Court's sua sponte dismissal under § 1915(e)(2)(B).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  In considering a dismissal for failure to state a claim upon which relief can be granted, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2007) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2007)).  See also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 n. 8 (2007).  We will affirm.

We agree with the District Court's dismissal of Newland's claim for equitable relief for the reasons stated by the Magistrate Judge.  We add only that sometime in November 2007, Newland was incarcerated on a parole violation.  Newland does not dispute that he will no longer be on parole when he is released.[2]

Turning to Newland's claim for damages against Reehorst, we conclude that, because of the unique set of circumstances in this case, the District Court did not err in dismissing his complaint under § 1915(e)(2)(B)(iii) on the basis of qualified immunity. The statute permits sua sponte dismissal on immunity grounds where it is clear on the

---

[2]  Prison records indicate that Newland will complete his maximum sentence in August 2009.

4

face of the complaint that a party is immune from suit.[3]  See Walker v. Thompson, 288

F.3d 1005, 1010 (7th Cir. 2002).

Qualified immunity operates "to ensure that before they are subjected to suit,

officers are on notice their conduct is unlawful."  Saucier v. Katz, 533 U.S. 194, 206

(2001).  Qualified immunity protects officers' action or inaction in the course of

performing their duties, but that protection is forfeited when an officer's conduct violates

"clearly established statutory or constitutional rights of which a reasonable person would

have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The question whether a

right was clearly established at the time of the alleged violation and the question whether

the officer acted reasonably are matters of law for the court to decide.  See Bartholomew

v. Pennsylvania, 221 F.3d 425, 428 (3d Cir. 2000).

There is no mandatory procedure that courts must follow in determining whether

qualified immunity is warranted in any particular case.  See Pearson v. Callahan, 129 S.

Ct. 808, 818 (2009) (noting that while the two-step inquiry set forth in Saucier v. Katz "is

often appropriate, it should no longer be regarded as mandatory").  A court may follow

the two-step analysis set forth in Saucier v. Katz, that is, (i) looking first to whether "a

constitutional right would have been violated on the facts alleged . . ." and, (ii) if so,

whether the right was "clearly established."  Saucier, 533 U.S. at 200-01.  The first prong

_____

[3]  We caution, however, that it is generally unwise to venture into a qualified
immunity analysis at the pleading stage as it is necessary to develop the factual record in
the vast majority of cases.

5

of the two-step process may be difficult to employ at the pleading stage, however, because the precise factual basis for the plaintiff's claim or claims may be hard to identify. See Pearson, 129 S. Ct. at 819. A court may decide in such cases to proceed directly to the second prong in Saucier and determine whether the law prohibiting an officer's conduct was clearly established. Id. at 821-22.

We choose to approach the qualified immunity question here by proceeding directly to the second prong of the Saucier analysis, whether the law was so clearly established that Parole Officer Reehorst's conduct would have appeared unlawful to an objectively reasonable officer. We agree with the District Court that, because of the peculiar facts presented in this case, it would not have been apparent to an objectively reasonable officer that the parole condition she sought to impose on Newland violated clearly established law. See Anderson v. Creighton, 483 U.S. 635, 641 (1987) (stating that the reasonableness inquiry considers not only whether the right at issue was clearly established, but also whether a reasonable officer could have believed her conduct was lawful, in light of the information she possessed at the time). We include among these peculiarities the fact that both Newland and his wife were in the criminal justice system and that, even in Newland's telling of the events, the parole officer was concerned that the Newlands would be a poor influence on each other. We recognize, however, that serious constitutional questions exist regarding governmental restrictions imposed on an individual's right of marital association. Roberts v. Jaycees, 468 U.S. 609, 617-18 (1984)

6

(recognizing that "to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme"). See also Turner v. Safley, 482 U.S. 78, 94-99 (1987) (striking down as unconstitutionally invalid a prison regulation prohibiting prisoners from marrying unless the Superintendent approves it after finding compelling reasons to do so). Thus, although we hold that Officer Reehorst's actions were reasonable based on the unique circumstances in this case, we do not prejudge whether Newland would have a claim if he faced similar restrictions in the future.

After thorough consideration, we conclude that Newland's remaining claims on appeal lack merit.[4] Accordingly, we will affirm the District Court Order dismissing Newland's complaint. We emphasize that the dismissal is without prejudice to Newland's filing a new complaint if circumstances warrant.

---

[4] Newland filed two supplements to his complaint on March 13, 2008 (the date on the document), and March 29, 2008. We note that there is no certificate of service attached to either supplement and, thus, it appears from the record that Reehorst did not receive them. In his second supplement, Newland claimed that Reehorst violated his rights by testifying that Newland had a criminal record at a hearing held by the Pennsylvania Court of Common Pleas Juvenile Division to determine the custody of his one year old daughter. We will affirm the dismissal of the claims contained in the supplements without prejudice to Newland's filing a new complaint if the circumstances warrant it.

7