| NONPRECEDENTIAL DISPOSITION |
| To be cited only in accordance with |
| FED. R. APP. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 22, 2009[*]
Decided July 20, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 08-2711 & 08-2503

| | |
|---|---|
| LONNIE A. GOODING, | Appeals from the United States District |
| *Petitioner-Appellant*, | Court for the Southern Division of |
| | Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:07-cv-322-RLY-WGH |
| H.J. MARBERRY, | |
| *Respondent-Appellee*. | Richard L. Young, |
| | *Judge*. |

**O R D E R**

Lonnie Gooding, a District of Columbia prisoner currently housed at the federal penitentiary in Terre Haute, Indiana, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 after the United States Parole Commission denied his application for release. The district court denied the petition, and Gooding then filed a motion to vacate that decision. The district court also denied this motion, and Gooding appeals both rulings.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

In 1990 the Superior Court of the District of Columbia sentenced Gooding to 15 years to life in prison for armed manslaughter. When Gooding committed the crime in 1989, parole decisions for D.C. prisoners were made by the District of Columbia Board of Parole ("Board"). See D.C. Code § 24-131. But by the time Gooding became eligible for parole in 2001, Congress had abolished the Board and transferred to the United States Parole Commission ("Commission") the authority to grant or deny parole for D.C. offenders. See *id*.; *Glascoe v. Bezy*, 421 F.3d 543, 545 (7th Cir. 2005). The Commission subsequently issued parole guidelines applicable to D.C. offenders who, like Gooding, had their initial parole hearings after August 5, 1998. See 28 C.F.R. §2.80.

The Commission evaluated Gooding for parole in 2001 and 2003, but it denied parole both times. The Commission conducted a third hearing via video-conference, see 28 C.F.R. § 2.25, in April 2007, after Gooding had been in prison for nearly 214 months. Although the Commission calculated a parole-eligibility guidelines range of 213 to 249 months, it decided that Gooding should not be paroled within that range. According to the Commission, Gooding presented a greater risk than indicated by the guidelines because his offense involved "killing another individual while armed and during an attempt to forcefully obtain money." Further, Gooding had been caught with a weapon in prison, and the Commission thus concluded that there was a serious risk that he would commit armed crimes if paroled. The Commission scheduled a reconsideration hearing for April 2010.

Gooding petitioned the district court for a writ of habeas corpus, arguing that the Commission violated his right to due process by conducting the hearing via video-conference instead of in person, and that the application of the Commission's guidelines violated the Ex Post Facto Clause. Gooding wanted an in-person rehearing at which the Commission would apply the D.C. guidelines that were in effect at the time he committed his crime. The district court denied Gooding's petition and his subsequent motion under Federal Rule of Civil Procedure 60(b). When reviewing a decision to deny a petition for habeas corpus, we review the district court's legal conclusions *de novo*. *Charlton v. Davis*, 439 F.3d 369, 372 (7th Cir. 2006).

On appeal, Gooding renews his argument that the Parole Commission denied him due process by conducting his parole hearing via video-conference. To succeed on his due-process claim, Gooding was required to show that he has a liberty interest at stake. See *Domka v. Portage County*, 523 F.3d 776, 779 (7th Cir. 2008). But a parole statute creates a liberty interest only when it uses mandatory language entitling a prisoner to release upon fulfillment of certain criteria, see *Bd. of Pardons v. Allen*, 482 U.S. 369, 377-81 (1987); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 8-12 (1979); *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). The District of Columbia's parole regime, far from

conferring such an entitlement, is entirely discretionary, see D.C. Code § 24-404(a) (stating that when a prisoner meets certain criteria, "the Board *may* authorize his release on parole"); *Thompson v. Veach*, 501 F.3d 832, 836-37 (7th Cir. 2007). Because Gooding has no liberty interest in parole, the use of video-conferencing cannot violate due process.

Gooding also argues that the Commission violated the Ex Post Facto Clause by applying its own guidelines rather than the D.C. parole guidelines in effect when he committed manslaughter in 1989. To prevail on this argument, Gooding must do more than assert that the Commission's guidelines created some "speculative, attenuated risk" of a longer prison term. See *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508-09 (1995); *Glascoe*, 421 F.3d at 548-49; *Richardson v. Pa. Bd. of Prob. & Parole*, 423 F.3d 282, 288 (3d Cir. 2005). Instead, Gooding must demonstrate either that the Commission's guidelines are facially harsher than the D.C. guidelines, or that the Commission's guidelines, as applied to Gooding, create a significant risk of increased punishment. See *Garner v. Jones*, 529 U.S. 244, 255 (2000); *Glascoe*, 421 F.3d at 547-48; *cf. United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) (suggesting that Ex Post Facto Clause does not apply to discretionary parole guidelines).

Gooding argues that the Commission's use of its guidelines resulted in a prolonged prison stay for him, but he has never explained how this is so. Although he asserts that the Commission impermissibly used an "offense severity" component when calculating his parole eligibility guidelines, he is mistaken. The Commission applies a distinct set of guidelines to inmates who were convicted outside the District of Columbia, see 28 C.F.R. § 2.20, and those guidelines contain an index assigning "offense severity" scores to various crimes. But the Commission did not apply § 2.20 to Gooding; it applied, as it was required to, § 2.80, the guidelines for D.C. offenders. And because the factors considered under § 2.80 are very similar to those considered under the D.C. Board of Parole's guidelines, compare 28 C.F.R. §§ 2.80(d)-(n) with 28 D.C. Mun. Regs. §§ 204.1-204.22, the new guidelines are not facially more onerous. See *Glascoe*, 421 F.3d at 547.

Nor has Gooding demonstrated that the guidelines, as applied to his own eligibility for release, created a significant risk of increased punishment. In denying parole, the Commission considered the nature of Gooding's crime as well as his weapons infraction, factors which it also would have considered under the D.C. guidelines. See D.C. Mun. Regs. § 204.18. Further, even if the Commission had applied the D.C. guidelines, it still would have had discretion to depart from those guidelines, as it did here. See *id*. § 204.22; *Glascoe*, 421 F.3d at 548; *McRae v. Hyman*, 667 A.2d 1356, 1360-61 (D.C. 1995) (noting that § 204.22 "makes clear" the Board's authority to ignore the guidelines in unusual cases); *White v. Hyman*, 647 A.2d 1175, 1179 (D.C. 1994) (noting that under the D.C. guidelines

"[d]epartures must be explained, but they are not proscribed").  Gooding has not argued that the Commission's basis for departure in his case would have been impermissible under the D.C. guidelines.  Indeed, under the D.C. guidelines, parole is permissible only if "there is reasonable probability that the prisoner will live and remain at liberty without violating the law," see D.C. Mun. Regs. § 200.01(b), and Gooding's weapons infraction convinced the Commission that this probability was lacking.

Finally, with respect to the Rule 60(b) motion, Gooding has misapprehended its purpose.  Rule 60(b) is not a substitute for appeal.  See *Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).  Because Gooding's motion merely rehashes arguments he raised in support of his petition for habeas corpus, the district court properly denied it.  See *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000).

The judgments are **AFFIRMED**.