# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 15, 2016        Decided June 9, 2017

No. 15-5145

JESSE R. REDMOND, JR.,
APPELLANT

v.

ISAAC FULWOOD, JR., FORMER CHAIRMAN, UNITED STATES
PAROLE COMMISSION,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00308)

*David C. Wolff*, appointed by the court, argued the cause as *amicus curiae* in support of appellant. With him on the briefs was *Kathryn L. Clune*.

*Peter C. Pfaffenroth*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief was *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: ROGERS, BROWN and MILLETT, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* MILLETT.

MILLETT, *Circuit Judge*:   Jesse Redmond, Jr. was convicted of sexual assault under District of Columbia law.  He was twice denied parole by the United States Parole Commission.  Alleging that his denials of parole were infected by unconstitutional decisionmaking, Redmond filed suit against the then-Chair of the Commission, Isaac Fulwood, Jr., in his personal capacity.  The district court dismissed the case *sua sponte*, concluding that parole commissioners are entitled to absolute immunity from such lawsuits.  We affirm, albeit on the ground that Fulwood is entitled to qualified immunity.  We leave for another day the question of whether parole commissioners merit absolute immunity as a matter of law.

**I**

Jesse R. Redmond, Jr. was convicted in the District of Columbia in 1996 of one count of first-degree sexual assault, and acquitted of one count of oral sodomy and one count of anal sodomy.  He was sentenced to serve fifteen years to life in prison.  Fifteen years after his conviction, in 2011, Redmond became eligible for parole.  He was denied parole both at his 2010 pre-eligibility hearing and in a subsequent hearing held in 2011.   The 2011 denial occurred despite the Hearing Examiner's finding that Redmond should be paroled under the applicable parole guidelines.

Dissatisfied with his parole denials and without any option to appeal, Redmond brought suit against the then-Chairman of the United States Parole Commission, Isaac Fulwood, Jr., in his personal capacity, pursuant to *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] The district court *sua sponte* dismissed Redmond's complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2), holding that Fulwood is absolutely immune from suit for acts taken in the course of his duties as Chairman of the United States Parole Commission.

Redmond appealed to this court, and we now affirm. We do so, however, because Fulwood is entitled to qualified immunity for each of the claims in Redmond's complaint. Accordingly, we need not and do not reach the question of whether Fulwood is entitled to absolute immunity for actions taken during his tenure as Chairman of the United States Parole Commission. *See Taylor v. Reilly*, 685 F.3d 1110, 1113 (D.C. Cir. 2012) ("Because we conclude that the [Parole Commission] defendants are entitled to qualified immunity, we do not address the issue of absolute immunity."); *see also Radtke v. Caschetta*, 822 F.3d 571, 573 n.2 (D.C. Cir. 2016) ("[W]e are free to affirm the lower court on alternative grounds.") (citing *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 682 F.3d 1043, 1045 n.2 (D.C. Cir. 2012)).

---

[1] The United States Parole Commission exercises parole jurisdiction not only over federal offenders, but also over individuals convicted of crimes under District of Columbia law. However, unlike federal offenders, those who were convicted of violating District law (like Redmond) are not entitled to appeal parole denials to the National Appeals Board. *See* DEPARTMENT OF JUSTICE, U.S. PAROLE COMM'N, *Frequently Asked Questions: Is it possible to appeal the parole decision?*, https://www.justice.gov/uspc/frequently-asked-questions#q7 (last accessed May 30, 2017) ("Decisions granting or denying parole for prisoners sentenced under the District of Columbia Code may not be appealed to the Commission. D.C. offenders may appeal decisions revoking their parole or supervised release.").

4

**II**

Courts are required to dismiss complaints in civil actions "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the complaint "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also id.* § 1915(e)(2)(B)(iii). Accordingly, a prisoner's civil complaint is properly dismissed *sua sponte* if the person the prisoner seeks to sue is protected by either qualified or absolute immunity. *See, e.g.*, *Reynolds v. Morrison*, No. 16-5151, 2016 WL 7438665, at *1 (D.C. Cir. Dec. 22, 2016) (affirming dismissal under 28 U.S.C. § 1915A(b) because defendants were entitled to judicial immunity); *cf. Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 435 (D.C. Cir. 2007) (noting that qualified immunity is a basis for dismissal of prisoner complaints under 28 U.S.C. § 1915A).

Qualified immunity shields federal and state officials from suits for money damages unless a plaintiff shows both that (i) the official violated a statutory or constitutional right, and (ii) that right was "clearly established at the time of the challenged conduct." *Taylor*, 685 F.3d at 1113 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). We can begin—and often end—our qualified immunity analysis with either prong of the test. *Taylor*, 685 F.3d at 1113.

Because Redmond has proceeded *pro se*, we construe the allegations of his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted). However, because Redmond brought suit against Fulwood only in his personal capacity, Redmond's suit must be limited

to actions taken specifically by Fulwood or by the Commission with Fulwood's involvement. That is to say, Fulwood cannot be held *personally* responsible for all of the Commission's actions, in particular those decisions in which he did not take part. Accordingly, because the only decision with respect to Redmond that Fulwood participated in was the 2011 decision denying Redmond's request for reconsideration of the adverse parole determination, our review is limited to that decision.

Liberally read, Redmond's complaint alleges five claims against Fulwood. The first four claims are allegations that Fulwood violated Redmond's rights under the Due Process Clause of the Fifth Amendment by: (i) failing to consider that Redmond was acquitted of sodomy charges at trial; (ii) denying parole because Redmond had not completed certain rehabilitative courses, even though those courses were not offered at the facility in which Redmond was incarcerated; (iii) failing to correct errors in Redmond's parole guideline scores; and (iv) exhibiting bias against Redmond due to the nature of his offense.[2] The fifth claim is an allegation that Fulwood violated Redmond's First and Fifth Amendment rights by grounding the denial of parole in part on Redmond's continued profession of innocence.

As a matter of law, Fulwood enjoys qualified immunity for each of those claims.

First, with respect to the alleged failure to consider that Redmond was acquitted of the sodomy charges at trial,

---

[2] Redmond frames his bias argument as a violation of his First Amendment rights, but allegations of bias and unfair treatment more accurately sound in due process. Given our obligation to construe Redmond's complaint liberally, we analyze his bias argument under the Fifth Amendment's Due Process Clause.

Redmond does not plausibly allege any constitutional violation because Fulwood expressly acknowledged that acquittal in the decision. *See* Appellee's Br. Add. 2 n.1 ("Redmond was convicted of sexual assault (vaginal intercourse), but acquitted of oral and anal sodomy as was pointed out in a memo addressing counsel's request to schedule Redmond's rehearing earlier than ordered.").

Second, regarding the importance attached by the Commission to parole applicants' participation in rehabilitative programs, Fulwood did not leave Redmond in the impossible position of having to take unavailable courses, as he alleges. Instead, Redmond was advised to "volunteer for the comprehensive residential sex offender treatment program so that he could be transferred to a facility that conducts the program" or "to participate in other comprehensive programs that will reduce his risk level." Appellee's Br. Add. 3. There is nothing plausibly unconstitutional about advising Redmond to participate in certain programs that would best prepare him for paroled release into society.

Third, with respect to the Commission's improper reliance on an erroneous salient factor score under the parole guidelines, Fulwood candidly acknowledged that error in his reconsideration letter. *See* Appellee's Br. Add. 3. ("Counsel is correct that the Commission should not have counted [Redmond's] convictions and commitments where there was a period of more than 10 years between the last countable conviction and the commencement of the current offense conduct."). That error is of no constitutional moment, however, because either way the District's parole guidelines recommended that Redmond be granted parole. *Id.* The Commission chose to override that recommendation, making any errors in its calculation beside the point. *See* 28 C.F.R.

§ 2.74(b) (Commission may depart from the guidelines recommendation).

Fourth, Fulwood is entitled to qualified immunity for Redmond's allegation of bias arising from the nature of his crime because there is no clearly established right for parole-eligible prisoners to be treated equally in the parole process regardless of the nature or seriousness of their crimes. Indeed, Parole Commissioners are expected to grant parole only when there is a "reasonable probability" that (i) the prisoner "will live and remain at liberty without violating the law," (ii) "his or her release is not incompatible with the welfare of society," and (iii) "he or she has served the minimum sentence imposed or the prescribed portion of his or her sentence[.]" D.C. CODE § 24-404(a). The latitude granted to the Commission in making that determination is broad, and some consideration of the nature of the underlying crime makes sense. *See McRae v. Hyman*, 667 A.2d 1356, 1357 (D.C. 1995) ("The District's parole scheme confers discretion to grant or deny parole[.]"); *see also Gooding v. Marberry*, 341 F. App'x. 173, 174 (7th Cir. 2009) ("The District of Columbia's parole regime * * * is entirely discretionary[.]").

Finally, no clearly established First or Fifth Amendment law prohibited Fulwood's consideration of Redmond's refusal to acknowledge culpability. Redmond cites no appellate or Supreme Court case holding that the Constitution forbids factoring a refusal to admit guilt into the length of incarceration. Indeed, the Third Circuit has specifically held that the requirement that a prisoner seeking parole first admit guilt does not violate the prisoner's First Amendment rights. *See Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010). Moreover, a plurality of the Supreme Court has explained that conditioning participation in certain rehabilitative programs for prisoners on an admission of guilt is constitutionally

permissible because "[a]cceptance of responsibility is the beginning of rehabilitation," and "a recognition that there are rewards for those who attempt to reform is a vital and necessary step toward completion." *McKune v. Lile*, 536 U.S. 24, 47 (2002) (plurality opinion of Kennedy, J.); *cf.* U.S.S.G. § 3E1.1(a) ("If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."). Given that precedent, it was not clearly unconstitutional in these circumstances for Fulwood to factor Redmond's refusal to admit guilt into his decisionmaking.

Because, under even the most generous reading of the complaint, Fulwood is entitled to qualified immunity on each of the claims against him, we affirm the district court's dismissal of Redmond's complaint.

*So ordered.*