RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0194p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

FLETCHER DARNELL SMALL,

*Plaintiff-Appellant,*

*v.*

OFFICER BROCK,

*Defendant-Appellee.*

No. 19-1841

─────────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:19-cv-00348—Gordon J. Quist, District Judge.

Decided and Filed: June 26, 2020

Before: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

─────────────────

## LITIGANT

**ON BRIEF:** Fletcher Small, Muskegan Correctional Facility, Muskegan, Michigan, pro se.

GIBBONS, J., delivered the opinion of the court in which GILMAN, J., joined. THAPAR, J. (pp. 8–13), delivered a separate dissenting opinion.

─────────────────

## OPINION

─────────────────

JULIA SMITH GIBBONS, Circuit Judge. Fletcher Darnell Small, a Michigan prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint.[1] In his complaint,

─────────────────

[1]This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Small alleges that, without provocation, Officer Brock brandished a knife, threatened to kill Small, and motioned in a manner suggesting how Brock would use the knife to kill Small. This occurred on several occasions, causing Small to seek "treatment and counseling" for "paranoia, mental distress, [and] psychological stress." DE 1, Compl., PageID 3.

On initial screening, the district court determined that Small had failed to state a claim and dismissed the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). Small then asked the district court to alter or amend its judgment based on *Parrish v. Johnson*, 800 F.2d 600 (6th Cir. 1986). The district court denied that motion.

We review *de novo* an order dismissing a complaint under § 1915(e)(2) for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)]"). To state a claim under § 1983, a complaint must allege that persons acting under color of state law caused the deprivation of a federal statutory or constitutional right. *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007).

Small argues that he has plausibly alleged an Eighth Amendment violation. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Although we have long held that verbal abuse and nonphysical harassment of prisoners do not alone give rise to a constitutional claim, *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987), we have never directly addressed whether the combination of multiple, unprovoked verbal threats to immediately end a prisoner's life and the aggressive brandishing of a deadly weapon violates the Eighth Amendment. *But see Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (observing that some types of "calculated harassment unrelated to prison needs" violate the Eighth Amendment); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (finding an Eighth Amendment violation based on conduct "designed to frighten and degrade [the prisoner] by reinforcing the fact that his continued well-being was entirely dependent on the good humor of his armed guards").

Based on the facts alleged in Small's complaint, Brock had no legitimate penological reason for repeatedly placing Small in fear of his life, and it is reasonable to infer that Brock knew that his conduct would cause Small psychological harm. *See Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The issue then is whether unprovoked and repeated threats to a prisoner's life, combined with a demonstrated means to immediately carry out such threats, constitute conduct so objectively serious as to be "antithetical to human dignity." *Hope v. Pelzer*, 536 U.S. 730, 745 (2002).

We find that such threats meet this standard. At the very least, a prisoner has "the right to be free from the terror of instant and unexpected death at the whim" of his jailers. *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986); *see also Pelfrey*, 43 F.3d at 1037. To that end, Brock's alleged pattern of conduct far exceeds the idle threats and verbal harassment we have previously found inadequate to trigger Eighth Amendment protection. *See, e.g.*, *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). A threatened loss of life, when made credible by the aggressive brandishing of a deadly weapon, is beyond the type of "unpleasant experience" that prisoners must endure. *Id.*; *see Hudson v. McMillian*, 503 U.S. 1, 16 (1992) (Blackmun, J., concurring) (noting the Supreme Court's rejection of a significant physical injury requirement and using the example of death threats with a gun to illustrate an infliction of psychological suffering prohibited by the Eighth Amendment).

We thus hold that a prisoner states an Eighth Amendment claim by alleging that, without provocation, a prison official threatened the prisoner's life on multiple occasions and took concrete steps, such as aggressively brandishing a deadly weapon, to make those threats credible. *See Irving v. Dormire*, 519 F.3d 441, 448–50 (8th Cir. 2008) (finding that "objectively credible" death threats that cause a prisoner to fear for his life violate the Eighth Amendment); *Chandler v. D.C. Dep't of Corr.*, 145 F.3d 1355, 1360–61 (D.C. Cir. 1998) (same); *Northington v. Jackson*, 973 F.2d 1518, 1523–24 (10th Cir. 1992) (same); *Grant v. Foye*, 981 F.2d 1258, at *2 (9th Cir. 1992) (table) (same); *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978) (per curiam) (same).

And, based on the facts alleged here, neither the force threatened by Brock (i.e., death by knife) nor the resulting injury to Small (i.e., fearing for his life to the point of paranoia and psychological distress necessitating mental health treatment) was *de minimis*. *See Hudson*, 503 U.S. at 8–11 (rejecting a "significant injury" requirement for Eighth Amendment claims); *id.* at 16 (Blackmun, J., concurring) ("It is not hard to imagine inflictions of psychological harm—without corresponding physical harm—that might prove to be cruel and unusual punishment."); *Pelfrey*, 43 F.3d at 1037 (disapproving of conduct by prison officials that caused no physical injury to the prisoner but was "designed to frighten and degrade [the prisoner] by reinforcing the fact that his continued well-being was entirely dependent on the good humor of his armed guards"); *Northington*, 973 F.2d at 1524 (finding that a prison official's threat to kill a prisoner with a loaded gun was not "per se de minimis" and caused a cognizable psychological injury); *Irving*, 519 F.3d at 448 (holding that prison officials had engaged in "'brutal' and 'wanton act[s] of cruelty' even though no physical harm was suffered" (quoting *Burton*, 791 F.2d at 99–100)).

The dissent would hold differently, but it can point to no conflict with Sixth Circuit or Supreme Court precedent, and its reliance on our decision in *Parrish v. Johnson*, 800 F.2d 600 (6th Cir. 1986), is misplaced. *See* Dissenting Op. at 10. Although the plaintiff in *Parrish* was subject to other forms of abuse not encountered by Small, the case is just one example of conduct that we have found egregious enough to violate the Eighth Amendment; it does not purport to establish a floor of conduct necessary to state an Eighth Amendment claim. And, despite engaging in distinct forms of abuse, the defendant in *Parrish* never expressly threatened the plaintiff's life.

Of course, our holding does not mean that Small's right was clearly established for the purpose of qualified immunity. But we need not resolve the issue of qualified immunity in this appeal. Although the dissent points to several out-of-circuit cases holding that a court may *sua sponte* dismiss a prisoner or indigent plaintiff's claim at any time if it believes that the claim is barred by qualified immunity, such a rule has yet to be adopted in this circuit.[2] *See* Dissenting

---

[2]These decisions rely on 28 U.S.C. § 1915A(b)(2) and 42 U.S.C. § 1997e(c)(1), which provide that a court must dismiss any prisoner claim that "seeks monetary relief from a defendant who is immune from such relief," as well as 28 U.S.C. § 1915(e)(2)(B)(iii), which applies the same standard to plaintiffs proceeding *in forma pauperis*.

Op. at 9 (citing *Redmond v. Fulwood*, 859 F.3d 11, 13 (D.C. Cir. 2017); *Martin v. Duffy*, 858 F.3d 239, 250–51 & n.3 (4th Cir. 2017); *Story v. Foote*, 782 F.3d 968, 969–70 (8th Cir. 2015); *Chavez v. Robinson*, 817 F.3d 1162, 1167–69 (9th Cir. 2016); *Manzini v. Fla. Bar*, 511 F. App'x 978, 983 (11th Cir. 2013) (per curiam); *Newland v. Reehorst*, 328 F. App'x 788, 791 (3d Cir. 2009) (per curiam); *Lee v. Waters*, No. 98-6160, 1999 WL 49149, at *2 (10th Cir. Feb. 4, 1999)).

In any event, we think that the approach taken by the Ninth Circuit strikes the right balance between screening for meritless claims and fidelity to the rules of pleading. *Cf. Crawford–El v. Britton*, 523 U.S. 574, 595 (1998) ("We [have] refused to change the Federal Rules governing pleading by requiring the plaintiff to anticipate the immunity defense . . . ."); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("Since qualified immunity is a defense, the burden of pleading it rests with the defendant."). Under that approach, a court "may [*sua sponte*] dismiss a [prisoner's] claim on qualified immunity grounds . . . , but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity." *Chavez*, 817 F.3d at 1169. That is so because "[p]ro se complaints frequently lack sufficient information for a judge to make a qualified immunity determination without the benefit of a responsive pleading or discovery." *Id.* Such is the case here: Small has a non-frivolous argument that his asserted right was clearly established based on our sister circuits' longstanding recognition of that right. *See, e.g.*, *Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 566–67 (6th Cir. 2016) (finding a clearly established right based on unanimous out-of-circuit precedent). It is thus for the district court to determine in the first instance whether Brock is entitled to qualified immunity.

We must address one final point. In its order denying Small's motion for reconsideration, the district court relied on 42 U.S.C. § 1997e(e) as an alternative basis for dismissing Small's complaint. Section 1997e(e) bars prisoners from filing actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." The district court reasoned that Small's action was barred because he alleged no physical injury and sought only

---

Thus, as the dissent acknowledges, the cited decisions would bar Small's suit only in so far as he seeks monetary relief—they would not, standing alone, prevent him from seeking injunctive or declaratory relief.

compensatory damages for "emotional injuries." DE 13, Order, PageID 54. But Small seeks more than compensatory damages for his mental or emotional injuries. He also seeks punitive damages, injunctive and declaratory relief, and "such other relief as it may appear that plaintiff is entitled." DE 1, Compl., PageID 4. In addition, Small's request for compensatory damages is not limited to mental or emotional injuries; it is phrased broadly enough to include compensatory damages for his alleged constitutional injury.

At the very least, Small may continue to pursue his action based on the requests for non-compensatory relief. There is widespread agreement among our sister circuits that § 1997e(e) allows prisoners alleging non-physical injury to still pursue claims for nominal damages, as well as injunctive and declaratory relief. *See generally Aref v. Lynch*, 833 F.3d 242, 262–67 & n.15 (D.C. Cir. 2016) (describing the precedential landscape in detail). Most of our sister circuits also interpret the statute to allow claims for punitive damages. *See id.* at 266. And we recently recognized that § 1997e(e) "does not bar claims for constitutional injury that do not also involve physical injury." *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015). Thus, in so far as Small seeks forms of relief other than compensatory damages, his case may proceed. *See Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019) (suggesting that § 1997e(e) allows prisoners to seek nominal and punitive damages, as well as injunctive relief, for alleged Eighth Amendment violations).

There is also a strong argument that § 1997e(e) allows Small to seek compensatory damages for his alleged *constitutional* injury. As we observed in *King*, the statute "says nothing about claims brought to redress constitutional injuries, which are distinct from mental and emotional injuries." 788 F.3d at 213. We thus allowed the prisoner in *King* to receive compensatory damages for "injuries to [his] First Amendment rights." *Id.* at 212. The same logic would seem to apply here. *See, e.g.*, *Lucas*, 785 F. App'x at 292 (applying *King*'s logic to suggest that compensatory damages are available for Eighth Amendment violations). In the absence of adversarial briefing, however, we decline to resolve whether this holding of *King* extends to compensatory damages for alleged Eighth Amendment violations. It is sufficient at

this stage of the litigation to remand the case based on Small's other requested forms of relief and allow the district court to address this narrower issue in the first instance.[3]

Accordingly, we vacate the district court's order dismissing Small's complaint and remand for further proceedings.

---

[3]The dissent suggests that Small lacks standing to pursue his claims for injunctive and declaratory relief, relying in large part on this pro se prisoner's two-month delay in preparing a federal civil rights action on a complex issue of first impression in our circuit. *See* Dissenting Op. at 12. Small may well lack standing to pursue these forms of prospective relief, but he absolutely has standing to seek nominal, punitive, and compensatory damages for alleged past harms. And, given these other bases for exercising jurisdiction over the underlying constitutional dispute, we think it best to provide Small an opportunity to be heard on the standing issues identified by the dissent, as well as an opportunity to then fix any jurisdictional deficiencies that the district court might ultimately find in his complaint.

_____

**DISSENT**

_____

THAPAR, Circuit Judge, dissenting. The allegations in this case are troubling. But the Constitution is not a one-size-fits-all remedy for every injury. And in fact, the Constitution and federal law often limit our authority to address certain injuries. Because that is the case here, I respectfully dissent.

Congress passed the Prison Litigation Reform Act (PLRA) in response to "a sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The Act contains several provisions "designed to bring [prisoner] litigation under control." *Id.* It does so in part to help prisoners themselves: these provisions allow busy district courts to dismiss "nonmeritorious claims" so that they can focus on "the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203 (2007). Relevant here, one provision of the PLRA directs district courts to summarily dismiss any part of a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2).

Following Congress's instructions, the district court dismissed Fletcher Small's complaint because it failed to state a claim. Small's complaint alleged that a prison guard had verbally threatened to kill him while waving a knife. And for this, he sought monetary, declaratory, and injunctive relief based on the Eighth Amendment. The problem? The Constitution and the PLRA bar Small from pursuing each form of relief.

*Monetary Relief.* Start with Small's request for monetary relief. Again, the PLRA requires district courts to screen prisoner complaints and dismiss any part that (among other things) "fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* The district court dismissed Small's complaint because it failed to state a claim under the Eighth Amendment. And as discussed below, that ruling was correct. But our court has an even more straightforward ground to affirm the

dismissal: the defendant in this case is "immune" from "monetary relief" under basic principles of qualified immunity.

Even before the passage of the PLRA, the Supreme Court recognized that courts could summarily dismiss prisoner complaints when the defendant was "immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Congress then expressly confirmed this principle in multiple provisions of the PLRA. *See* 28 U.S.C. § 1915A(b)(2); *see also id*. § 1915(e)(2)(B)(iii); 42 U.S.C. § 1997e(c)(1); *Jones*, 549 U.S. at 213–14. And our sister circuits have consistently found that these provisions include immunity from suit based on qualified immunity. *See, e.g.*, *Redmond v. Fulwood*, 859 F.3d 11, 13 (D.C. Cir. 2017); *Newland v. Reehorst*, 328 F. App'x 788, 791 (3d Cir. 2009) (per curiam); *Martin v. Duffy*, 858 F.3d 239, 250–51 & n.3 (4th Cir. 2017); *Story v. Foote*, 782 F.3d 968, 969–70 (8th Cir. 2015); *Chavez v. Robinson*, 817 F.3d 1162, 1167–69 (9th Cir. 2016); *Lee v. Waters*, No. 98-6160, 1999 WL 49149, at *2 (10th Cir. Feb. 4, 1999); *Manzini v. Fla. Bar*, 511 F. App'x 978, 983 (11th Cir. 2013) (per curiam).

To overcome qualified immunity—and thus the PLRA—Small must show (1) that his rights were violated and (2) that the violation was "clearly established at the time." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (cleaned up). These questions may be addressed in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009).

To begin with, Small can't show that his constitutional rights were violated. To the contrary, the Supreme Court has observed that "*de minimis* uses of physical force" generally are not covered by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (cleaned up); *see Leary v. Livingston Cty.*, 528 F.3d 438, 443 (6th Cir. 2008) (Eighth Amendment claimant "must show something more than *de minimis* force"). If a prisoner usually cannot bring an Eighth Amendment claim for *de minimis* physical force, then a prisoner ought not be able to bring a claim when only threats are involved.

Circuit precedent points in the same direction. Our court has repeatedly held that threats or harassment, standing alone, do not amount to unconstitutional cruel-and-unusual punishment. *See, e.g.*, *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987) (per curiam); *see also Williams v. Gobles*, No. 99-1701, 2000 WL 571936, at *1 (6th Cir. May 1, 2000) (order) ("[N]either verbal

harassment nor threats constitute punishment within the context of the Eighth Amendment."). Other circuits have held the same. *See, e.g.*, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) ("[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong."); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983).

Indeed, in a prior knife-waving case, our circuit held that a cruel-and-unusual-punishment claim requires far more than the facts alleged here. *See Parrish v. Johnson*, 800 F.2d 600, 605 (6th Cir. 1986). There, the knife waving was only one of a series of inappropriate actions by an officer that in their "totality" amounted to a constitutional violation. *Id.* Those actions included (among others) making a paraplegic prisoner sit in his own feces, depriving him of food, and claiming to have infected his food with venereal disease. *Id.* at 603, 605. We held that it was "the type, number, and seriousness" of all these acts together that rose to the level of cruel-and-unusual punishment. *Id.* at 605. And the differences between that case and this one speak for themselves.

But even if you doubted this precedent, there's little doubt that the alleged constitutional violation here wasn't clearly established and thus that the defendant is entitled to qualified immunity. The majority opinion acknowledges as much but still remands the case to the district court.

And for what purpose? Just so that the defendant can file a motion to dismiss, which the district court will (almost certainly) grant and our court will (almost certainly) affirm. Wouldn't these resources be better spent in state court? If his allegations are true, Small likely could pursue multiple claims under Michigan law. *See, e.g.*, *Espinoza v. Thomas*, 472 N.W.2d 16, 21 (Mich. Ct. App. 1991) (defining assault); *Roberts v. Auto-Owners Ins. Co.*, 374 N.W. 2d 905, 908–09 (Mich. 1985) (defining intentional infliction of emotional distress). But instead, our court sends him on his way to pursue a quixotic lawsuit in federal court. I would spare him a pointless journey.

The majority justifies this outcome in two ways.

First, the majority adopts the following test from the Ninth Circuit:  a district court may dismiss a prisoner complaint based on qualified immunity "only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity." *Chavez*, 817 F.3d at 1169.  Where does this test come from?  If you trace it back to its source, it originates from a case in which the Supreme Court concluded that a pro se complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam) (cleaned up).  If that test sounds familiar, it should.  It's the general pleading standard announced in the infamous case of *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  But the problem is that the Supreme Court more recently retired *Conley*'s "no set of facts" test and told us that a complaint must allege facts that state a "plausible" claim for relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559–63 (2007).  And even though pro se complaints are liberally construed, our court has refused to "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Indeed, it's hard to see our court could have done otherwise given that the operative language in the PLRA mirrors the language in Rule 12 of the Federal Rules of Civil Procedure.  *Compare* 28 U.S.C. § 1915A(b)(1), *with* Fed. R. Civ. P. 12(b)(2); *see Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  So in the end, the majority's new test resurrects bad law in defiance of the Supreme Court, our court, and Congress.  *See, e.g.*, *Twombly*, 550 U.S. at 561 (rejecting notion that a claim would survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery" (cleaned up)); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a [pro se] litigant's behalf." (cleaned up)).  That's especially unfortunate here given that the defendant never even had an opportunity to weigh in on this issue before our court resolved it against him.

Second, the majority notes that Small has a "non-frivolous argument" that the alleged violation in this case was clearly established based on out-of-circuit precedent.  But the PLRA doesn't just bar "frivolous" claims; it bars *all* claims that "fail[] to state a claim upon which relief may be granted" or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  And in any event, Small's argument seems pretty frivolous.  *See, e.g.*, *Ashford v. Raby*, 951 F.3d 798, 804 (6th Cir. 2020) (explaining that out-of-circuit decisions will

provide clearly established law only in "extraordinary cases where [they] both point *unmistakably* to a holding and are *so clearly* foreshadowed by applicable direct authority as to leave *no doubt* regarding that holding" (cleaned up)).  So this point does nothing more to save Small's complaint.

*Declaratory Relief.*  Consider next Small's request for declaratory relief.  He asks us to declare the defendant's behavior unlawful under the Eighth Amendment.  But the problem is that Small lacks standing to pursue this relief.  "The fact that a harm occurred in the past does nothing to establish a real and immediate threat that it will occur in the future"—as is required to establish standing for declaratory relief.  *Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (cleaned up).  And Small has alleged nothing that would show the "immediacy and reality" that such harms will reoccur.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 104 (1983) (cleaned up).

Indeed, Small alleges that the defendant threatened him while waving a knife once in December 2018 and a second time in February 2019.  (He also makes a vague reference to "another threaten[ing] and intimidating behavior" around the same time.  R. 1, Pg. ID 3.)  Yet Small did not file his complaint until months later (in May) and did not allege that any further incidents occurred in the interim.  Nor has he offered any reason to think that further incidents will occur in the future.  Given all this, Small hasn't shown that he has standing to pursue prospective relief for an entirely hypothetical *future* harm (though he does have standing to pursue monetary relief for a "*completed* harm").  *Kanuszewski*, 927 F.3d at 407–08.  In short, our court should dismiss this request for lack of jurisdiction.

*Injunctive Relief.*  Finally, take Small's request for injunctive relief.  Small asks us to issue an injunction ordering the defendant to "not be around [him] for any reason."  R. 1, Pg. ID 4.  But no principle of law entitles Small to such a broad remedy.  Certainly, the defendant in this case does not violate the Eighth Amendment every time he's "around" Small—the defendant's prior behavior notwithstanding.  *Cf. Hudson*, 503 U.S. at 9–10.  And Small's request also conflicts with basic principles of equity.  "Precisely because equitable relief is an extraordinary remedy," our court has recognized, "it follows that the scope of relief should be strictly tailored

to accomplish only that which the situation specifically requires." *Sharpe v. Cureton*, 319 F.3d 259, 273 (6th Cir. 2003) (cleaned up). The proposed injunction does not satisfy this requirement.

On top of all that, Small's request runs headfirst into the PLRA, which requires that any "[p]rospective relief . . . with respect to prison conditions . . . [be] narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A); *see also Porter v. Nussle*, 534 U.S. 516, 523–532 (2002) (holding that the phrase "prison conditions" in another provision of the PLRA applies to individual claims of excessive force under the Eighth Amendment); *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999) (concluding that the phrase has the same meaning across the PLRA and covers individual claims of excessive force). The Act also requires courts to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A). Together, these provisions (like others) are designed "to eliminate unwarranted federal-court interference with the administration of prisons." *Woodford*, 548 U.S. at 93. Yet Small's request asks us to do exactly what the PLRA prohibits: micromanage a prison. That we may not do.

***

It's often said that hard cases make bad law. This case proves the truth of that adage. Both the Constitution and federal law limit our authority to grant a remedy to this plaintiff—no matter how sympathetic we might find his allegations. Because I would heed those limits, I respectfully dissent.