**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DANIEL MIKE CHAVEZ,
　　　　　*Plaintiff-Appellant*,

　　　　　v.

DAVID R. ROBINSON; LISA MOORE;
BOARD OF PAROLE AND POST-
PRISON SUPERVISION,
　　　　　*Defendants-Appellees*.

No. 14-35384

D.C. No.
1:11-cv-03025-PA

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted
December 8, 2015—Seattle, Washington

Filed March 29, 2016
Amended April 15, 2016

Before: M. Margaret McKeown and Richard C. Tallman,
Circuit Judges and Sharon L. Gleason,[*] District Judge.

Order;
Opinion by Judge McKeown

---

[*] The Honorable Sharon L. Gleason, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

## SUMMARY[**]

### Civil Rights

The panel reversed the district court's sua sponte dismissal of an in forma pauperis civil rights complaint and remanded in an action brought against a County probation officer and a private therapist, who had contracted with the County to run a sex offender treatment program.

Analyzing 28 U.S.C. § 1915(e)(2)(B)(iii), which requires a court to dismiss an action "at any time" if it determines that the complaint "seeks monetary relief against a defendant who is immune from such relief," the panel held that the term "immune" as used in the statute includes both absolute and qualified immunity. The panel then held that a district court may dismiss a claim on qualified immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii), but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity.

In this case, the panel determined that plaintiff's complaint did not clearly show that he would be unable to overcome qualified immunity. The panel concluded that further amendment or proceedings would be necessary to clarify, for example, whether the therapist was acting under color of state law in operating the sex offender treatment program and whether the therapist or the probation officer violated any clearly established law. Accordingly, the panel

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

held that the district court erred by dismissing plaintiff's claims sua sponte.

## COUNSEL

John T. Drake (argued), Foster Pepper PLLC, Spokane, Washington; Kendra H. Nickel-Nguy, K&L Gates LLP, Seattle, Washington, for Plaintiff-Appellant.

Gerald L. Warren (argued), Law Office of Gerald Warren, Salem, Oregon, for Amicus Curiae Klamath County.

Jeff J. Payne (argued), Senior Assistant Attorney General; Ellen F. Rosenblum, Attorney General; Anna M. Joyce, Solicitor General, Salem, Oregon, for Amicus Curiae State of Oregon.

## ORDER

The opinion filed on March 29, 2016, at — F.3d —, 2016 WL 1211844, is amended as follows:

At slip op. page 14 n.5, change "and have been waived." to "and we therefore do not address them on appeal."

With this amendment, the panel has voted to **GRANT** the petition for panel rehearing. No future petitions for rehearing will be entertained.

**OPINION**

McKEOWN, Circuit Judge:

After serving a prison sentence for attempted sexual abuse, Daniel Chavez entered probation. As a condition of probation, Chavez was ordered to enroll in a sex offender treatment program, which required him to admit his guilt before treatment began and while his appeal was pending. Chavez maintained his innocence both during and after trial. Alarmed at the prospect of admitting guilt, Chavez worried that such an admission of guilt could affect a potential retrial and also expose him to perjury charges because his direct appeal was still pending at the time of his release. When Chavez invoked the Fifth Amendment privilege against self-incrimination and refused to admit that he had committed a sex crime, his therapist rejected him from the sex offender treatment program and his probation officer sent him back to prison for violating the terms of his probation. As it turned out, Chavez was prescient with respect to his appeal—the Oregon Attorney General conceded error and the Oregon Court of Appeals remanded his case for retrial. *State v. Chavez*, 272 P.3d 167 (Or. App. 2012).

Meanwhile, Chavez filed a pro se in forma pauperis ("IFP") civil rights complaint in federal district court against his probation officer and therapist. Before any defendant had been served, the district court dismissed the complaint with prejudice, in large part on immunity grounds.

Although Chavez's appeal raises serious questions about the scope of Fifth Amendment protections for probationers undergoing sex offender treatment under *Minnesota v. Murphy*, 465 U.S. 420 (1984), the procedural posture of the

case narrows the scope of this appeal. We thus consider whether a district court can sua sponte dismiss an IFP complaint on the basis of qualified immunity under 28 U.S.C. § 1915(e)(2)(B)(iii), which requires dismissal if the action "seeks monetary relief against a defendant who is immune from such relief." We hold that the term "immune" as used in the statute includes both absolute and qualified immunity. Because Chavez's complaint did not clearly foreclose the possibility of qualified immunity, we reverse and remand for further proceedings.

## BACKGROUND

An Oregon jury convicted Chavez of two counts of attempted first-degree sexual abuse and two counts of private indecency. After he was released from jail in June 2010, Chavez started serving five years of supervised probation. He was required to complete and pay for an approved sex offender treatment program as a condition of his release. Or. Rev. Stat. § 144.102(4)(b)(F).

Chavez maintained his innocence throughout trial and in later proceedings. While he was still in prison, Chavez appealed his conviction to the Oregon Court of Appeals. Recognizing that the sex offender program would require an admission of guilt, he asked the Oregon Board of Parole and Post-Supervision to delay the treatment until after the decision on his appeal. That request went unanswered. With his appeal still pending, Chavez reported to his probation officer, defendant Lisa Moore, who ordered him to participate in a sex offender treatment program run by defendant David Robinson, a therapist in private practice. At the time, the Klamath County Community Corrections and Probation

Department employed Moore and contracted with Robinson for his services.

When Chavez first arrived at Robinson's office, Robinson asked him to sign forms admitting his guilt for the attempted sexual abuse and private indecency convictions, along with "all other crimes." Robinson also asked Chavez to sign a release that would have allowed Robinson to send each form to the Klamath County District Attorney's Office. Chavez's refusal to sign the forms led him to be handcuffed and booked into jail, where he spent a month as a sanction for failure to cooperate.

Chavez then petitioned the state court to postpone the treatment program while his criminal appeal was pending. Although the court denied the motion to stay treatment, it ordered that "[n]o statements, admissions, or confessions made by defendant pursuant to the conditions of probation or post-prison supervision . . . shall be admissible against defendant in any further proceedings in the above-captioned case or in any other criminal proceedings" except any proceedings related to homicide.[1] The court also ordered that any evidence gained as a result of the statements would be inadmissible.

Although Chavez was directed to reenter the sex offender treatment program, Robinson terminated his treatment, both

---

[1] We grant Chavez's unopposed motions under Federal Rule of Evidence 201 to take judicial notice of the trial court's immunity order, and of his first criminal judgment. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

because Chavez "failed to cooperate with his sexual offender treatment program requirements" and because he had filed suit against Robinson the previous day. (The complaint also listed Moore as a defendant.) Moore revoked Chavez's probation and imposed a 45-day jail sanction.

The twists and turns in Chavez's federal lawsuit provide the procedural backdrop for this appeal. Chavez filed a motion to proceed IFP and a motion for appointment of counsel. After the district court granted Chavez's IFP motion and denied his motion to appoint counsel, the case lay dormant for nearly two years. Then in March 2013, the district court ordered Chavez to show cause within thirty days as to why his case should not be dismissed for failure to prosecute. Fifteen days later, Chavez filed a document labeled "Tort Claim with Damages." This filing listed Robinson and the Oregon Board of Parole ("Parole Board") as defendants, omitting Moore.

A year later, the district court sua sponte dismissed Chavez's case with prejudice for failing to state a claim. The court construed Chavez's "Tort Claim with Damages" as an amended complaint. It concluded that the Eleventh Amendment barred Chavez's claims against the Parole Board and that absolute quasi-judicial immunity barred any claims against members of the Parole Board in their individual capacities. The court dismissed Moore from the action because she was not named in Chavez's "Tort Claim with Damages" and in any event, qualified immunity would bar Chavez's § 1983 claims. Finally, the court dismissed Chavez's tort claims against Robinson because his conduct was lawful under Oregon law. The court also reasoned that

Robinson was not acting under color of state law and, even if he were, he was entitled to qualified immunity.[2]

## ANALYSIS

As a threshold matter, we consider whether the district court properly construed Chavez's "Tort Claim with Damages" filing—which was submitted soon after the court issued an order to show cause—as an amended complaint.[3] Chavez filed his original complaint against Robinson and Moore. His supplemental filing listed only Robinson and the Parole Board as respondents and contained no reference to Moore in the text.

When a petitioner proceeds pro se, as Chavez did, the district court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). At no point did Chavez indicate that the filing was intended to amend his earlier complaint. Nor did the court give

---

[2] No defendants were served in this case and none appeared in the district court. In an early filing, Chavez provided addresses for Robinson and Moore. Although he initially said that they had been served, we will not hold this against him because § 1915(d) provides that when a plaintiff is proceeding IFP, "the officers of the court shall issue and serve all process." On appeal, the State of Oregon (in support of all defendants) and Klamath County (in support of Moore) appeared as *amici curiae* and filed briefs.

[3] *Amicus curiae* State of Oregon argues that Chavez waived this argument by failing to raise it before this court. We disagree because "a fair reading of the opening brief implicitly raises this issue" and any "failure to properly raise the issue caused no prejudice to the opposing party." *JG v. Douglas Cty. Sch. Dist.*, 552 F.3d 786, 796 n.6 (9th Cir. 2008) (relying on *Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004)).

Chavez the opportunity to address any perceived deficiencies, such as clarifying which parties were the intended defendants. *See, e.g.*, *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) ("A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant."); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect [], a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Contrary to the district court's sua sponte recharacterization of Chavez's filing, the better interpretation of the "Tort Claim with Damages" submission is that Chavez was responding to the district court's order to show cause. He filed the document fifteen days after the court issued its order, well within the thirty-day window given by the court. Chavez characterized the filing as "exhibits of abuse supporting this cause," not as an amended complaint. He was directed to take action to avoid dismissal and he did. Because the filing did not amend or supersede Chavez's original complaint, Moore remains a party to this action.[4]

The next question—and the crux of this appeal—is whether the district court had authority to dismiss sua sponte Chavez's claims against Robinson and Moore on qualified immunity grounds. Chavez's position is that a court should

---

[4] The Parole Board was not a party in the complaint nor did it become a party via the subsequent filing. In any event, Chavez does not appeal the district court's findings that the Parole Board is entitled to absolute immunity and that board members are entitled to absolute quasi-judicial immunity.

not be able to "dismiss a case on qualified immunity grounds unless and until the defense has been affirmatively raised in a responsive pleading."

The statute governing IFP filings requires a court to dismiss an action "at any time" if it determines that the complaint "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Chavez acknowledges that the statute applies to absolute immunity. He argues, however, that we should not read § 1915 to permit a district court to screen sua sponte for qualified immunity before the defendants have been served and affirmatively raised the issue in a responsive pleading.

Chavez's approach is at odds with the clear text of the statute, which precludes such distinctions between absolute and qualified immunity. *See In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1180 (9th Cir. 2013) ("[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous." (citation omitted)). Section 1915 requires a court to dismiss an action "at any time" if the defendant is entitled to immunity. We divine no express or implied temporal limit in this phrase. Once a court has sufficient information to make a determination on immunity, the statute mandates dismissal—even if dismissal comes before the defendants are served. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e)(2)(B)(ii) authorizes a court to dismiss a complaint that fails to state a claim sua sponte before defendants are served).

Nor can we see a textual basis for distinguishing between absolute and qualified immunity—the term "immune" appears without any qualifier. Absolute immunity provides

a limited category of officials total protection from suit when they perform certain "special functions," while qualified immunity protects officials only if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–71 (1993) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Chavez argues that qualified immunity is an affirmative defense that the defendant, not the court, must raise. But like absolute immunity, qualified immunity "is an immunity from suit rather than a mere defense to liability," and is thus "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted).

Our interpretation is consistent with the purpose of the Prison Litigation Reform Act of 1995 ("PLRA"), which amended an earlier iteration of the IFP statute in 1996. Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321-66 (1996) (codified at scattered sections). Before the PLRA came into force, § 1915 required courts to dismiss only those cases that were "frivolous or malicious." *Jones v. Bock*, 549 U.S. 199, 214 (2007). The PLRA was designed to reduce the volume of prisoner suits by "filter[ing] out the bad claims and facilitat[ing] consideration of the good." *Id.* at 204. Accordingly, the current IFP statute provides additional, detailed grounds for dismissal—including mandatory dismissal of any claim that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

At the time Congress adopted this revision, the distinction between absolute and qualified immunity was well developed

in the case law, *see, e.g.*, *Mitchell*, 472 U.S. at 525–26, and "[w]e generally presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts." *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988). Although Congress could have limited dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii) to absolute immunity, it did not do so. We conclude that Congress intended § 1915(e) to apply to both types of immunity.

We also glean an unrestricted definition of immunity from Congress's use of "immune" in a separate provision of the PLRA. At the same time it amended § 1915, Congress added § 1915A, a new provision that governs screening of civil actions filed by prisoners. Section 1915A mandates early review—"before docketing [] or [] as soon as practicable after docketing"—for all complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This section also requires a court to dismiss a prisoner's complaint if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). Read together, §§ 1915A(a) and (b) allow a court to dismiss sua sponte a prisoner complaint that "seeks redress from [an] . . . employee of a governmental entity" on the grounds of immunity. In this context, immunity must include qualified immunity; if it did not, the immunity provision would not apply to the broad category of "employee[s] of a governmental entity" under 28 U.S.C. § 1915A(a). *See Harlow*, 457 U.S. at 809–11 (discussing limited scope of absolute immunity); *see also Story v. Foote*, 782 F.3d 968, 969–70 (8th Cir. 2015) (holding sua sponte pre-service dismissal appropriate under section 1915A "if the defense of qualified immunity is established on the face of the complaint").

The only textual difference is that § 1915 says "against a defendant" whereas § 1915A says "from a defendant." This minor variation is the ultimate in a distinction without a difference. It is no coincidence that both § 1915 and § 1915A employ the virtually identical phrasing:

- "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

- "[T]he court shall . . . dismiss the complaint . . . if the complaint . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

The best reading of § 1915 is that "immunity" means the same thing as it does in § 1915A. "Presumptively, identical words used in different parts of the same act are intended to have the same meaning." *U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 460 (1993) (citation omitted).

We hold that a district court may dismiss a claim on qualified immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii), but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity. *Cf. Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (stating that a pro se complaint can be dismissed only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citation omitted)). Our resolution does not impose a heightened pleading

standard for plaintiffs proceeding IFP, nor does it require plaintiffs to anticipate or plead around qualified immunity defenses in their complaints. *Cf. Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("Since qualified immunity is a defense, the burden of pleading it rests with the defendant."); *Crawford-El v. Britton*, 523 U.S. 574, 595 (1998) ("We [have] refused to change the Federal Rules governing pleading by requiring the plaintiff to anticipate the immunity defense[.]"). Pro se complaints frequently lack sufficient information for a judge to make a qualified immunity determination without the benefit of a responsive pleading or discovery. We caution that pre-service dismissal on the basis of qualified immunity is appropriate only in limited circumstances.

Chavez's pro se complaint did not clearly show that he would be unable to overcome qualified immunity. Further amendment or proceedings would be necessary to clarify, for example, whether Robinson was acting under color of state law in operating the sex offender treatment program and whether Robinson or Moore violated any clearly established law.[5] Accordingly, the district court erred by dismissing Chavez's § 1983 claims sua sponte. Despite Chavez's request, no "unusual circumstances" merit reassignment to a different district court judge on remand. *Krechman v. County of Riverside*, 723 F.3d 1104, 1111 (9th Cir. 2013).

Given the nature of Chavez's claims and the limited record on appeal, we decline to reach the remaining issues

---

[5] Chavez also argues that he raised First Amendment retaliation and compelled speech claims in the complaint. We disagree; these arguments are not present in the complaint and we therefore do not address them on appeal.

raised by the parties, including the merits of the qualified immunity defense.

**REVERSED AND REMANDED.**