NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY JEROME WRIGHT, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PAUL PENZONE; JEFFREY ALVAREZ; VAIL, Captain; RICHARD A. BAILEY, <br><br> Defendants-Appellees, <br><br> and <br><br> DENNY BARNEY; STEVE THUCRI; BILL GATES; CLINT HICKMAN; STEVE GALLARDO; UNKNOWN PARTY, Food Factory Lt. at 4th Ave Jail; JOSEPH M. ARPAIO; JOSEPH JAMES BRANCO; BARBARA PIIRINEN; UNKNOWN PARTIES, Unknown Members of S.M.R.C. , as Classification at 4th Ave Jail, <br><br> Defendants. | No.    20-16275 <br><br> D.C. No. 2:17-cv-04161-SMB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted February 7, 2022
Phoenix, Arizona

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and MILLER, Circuit Judges, and FITZWATER,[**] District Judge.

Anthony Wright was a pre-trial detainee at the Fourth Avenue Jail in Maricopa County, Arizona. After he was indicted for the felony murder of a police officer, Wright was moved from the jail's general population into "Closed Custody" under a policy requiring that inmates charged with "murder against a law enforcement officer [be] automatically . . . housed in Close[d] Custody for the duration of their county jail incarceration." In Closed Custody, Wright was held alone in his cell for up to 23 hours a day. He was eventually tried, and the jury was unable to reach a verdict. Although he remained indicted on the felony murder charge, Wright was then moved to the jail's general population. All told, he spent eight and a half years in Closed Custody.

Proceeding pro se, Wright brought this action under 42 U.S.C. § 1983, alleging that his confinement in Closed Custody violated his substantive and procedural due process rights and that the jail's medical director had been deliberately indifferent to his serious medical need. After screening the complaint under 28 U.S.C. § 1915A(a), the district court ordered that defendants Sheriff Paul Penzone, jail commander Scott Vail, external referee Richard Bailey, and medical

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

2

director Jeffrey Alvarez respond to Wright's substantive due process and serious medical need claims. Thereafter, the district court dismissed Wright's procedural due process claim, and granted summary judgment in favor of the defendants on all other claims. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Thomas v. Ponder*, 611 F.3d 1144, 1149 (9th Cir. 2010). We affirm in part, reverse in part, and remand.

1.      Wright alleged that his confinement in Closed Custody amounted to unconstitutional punishment. Pretrial detainees may not be punished before an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A restriction imposed as a condition of confinement is punishment if (1) it causes the detainee to suffer some "harm or disability," and (2) its purpose is to punish the detainee. *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing *Bell*, 441 U.S. at 538). "Harm" under the first prong must "significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* at 1030 (citing *Bell*, 441 U.S. at 537).

The district court erred in granting summary judgment on Wright's official-capacity claim against Sheriff Penzone. In an official-capacity suit, "the real party in interest . . . is the governmental entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To prevail on a claim against a defendant in his official capacity, a plaintiff must prove that the constitutional deprivation resulted

3

from a policy, custom, or practice of the local government entity that employs the defendant. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

The district court found that Wright had not raised a triable issue of fact as to whether he suffered harms beyond the inherent discomforts of confinement. But in making that determination, the district court did not consider the evidence that solitary confinement caused Wright to suffer psychological harm. Wright submitted grievances stating that he was "going crazy," and he stated at his deposition that "being locked down" caused him stress and anguish. His mental health records also reflect that he began hearing voices. A jury could therefore infer that Wright's prolonged detention in solitary confinement inflicted serious psychological harm. And because Penzone does not dispute that a reasonable jury could conclude that Wright's confinement was punitive or that the requirements of *Monell* are satisfied, Wright's official-capacity claim against Penzone may proceed to trial.

2.      Wright argues on appeal that the district court erred in not separately analyzing his personal-capacity claim against Penzone and in granting summary judgment in favor of Vail and Bailey. We may affirm on any ground supported by the record, *Olson v. Morris*, 188 F.3d 1083, 1085 (9th Cir. 1999), and we conclude that all three defendants are entitled to qualified immunity, *see Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016). To overcome qualified immunity,

Wright must show, first, that the officers violated his constitutional rights and, second, that those rights were clearly established at the time the defendants acted. *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (per curiam).

The Supreme Court has "repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (quotation marks and citation omitted). Wright maintains that his right not to be punished as a pretrial detainee was clearly established, but the appropriate inquiry is whether it was clearly established that a substantive due process violation would result from Wright's confinement in Closed Custody in these circumstances. At the time of Wright's confinement, binding law from the Supreme Court and in the Ninth Circuit would not have given the defendants fair notice that their conduct would result in a substantive due process violation. Although Wright cites decisions of other circuits, we cannot say that those decisions placed the question "beyond debate." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (quoting *Kisela*, 138 S. Ct. at 1152); *see Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 59 (2d Cir. 2017). We therefore affirm the district court's grant of summary judgment to these defendants in their personal capacities.

3.     The district court correctly granted summary judgment to all defendants on Wright's continuous-lighting claim. Wright asserts that the lighting

5

caused permanent damage to his sight, but he has presented no objective evidence linking that alleged injury to the lighting. And although Wright stated in a grievance that the lighting in his cell made it difficult to sleep, he reported periods of good sleep as well. Wright has not offered evidence from which a jury could infer that the lighting in his cell caused harm that "significantly exceed[ed]" the inherent discomforts of confinement. *Demery*, 378 F.3d at 1030 (citing *Bell*, 441 U.S. at 537).

4.       In its screening order, the court dismissed Wright's procedural due process claim, explaining that "[a] prisoner has no constitutional right to enjoy a particular security classification." *Cf. Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Pretrial detainees, however, "have a right to procedural due process before they are subjected to more severe conditions of confinement than other detainees." *Shorter v. Baca*, 895 F.3d 1176, 1190 (9th Cir. 2018). When liberally construed, *see Thomas*, 611 F.3d at 1150, Wright's complaint alleges that he was housed in more restrictive conditions of confinement without the benefit of procedural protections, such as a formal hearing. We therefore remand this claim to the district court for consideration under the appropriate standard. We otherwise express no view on the merits of the claim or any defenses that may be available, including qualified immunity for defendants sued on this claim in their personal capacities.

5.       We affirm the district court's grant of summary judgment to Alvarez.

Wright argued that Alvarez was deliberately indifferent to a serious medical need by refusing to prescribe Wright a lactose-free diet and by recommending that he discuss Lactaid with his provider. To succeed on this claim, Wright had to show that Alvarez acted with "more than negligence but less than subjective intent— something akin to reckless disregard." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). The district court correctly held that Wright did not meet that standard. Alvarez's failure to consult the entirety of Wright's medical record before recommending he try Lactaid was, at most, merely negligent. And although Wright argues that an outside provider recommended that he be given a lactose-free diet, this raises "[a]t most . . . a difference of medical opinion regarding his treatment," which "does not amount to deliberate indifference." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

In sum, we affirm the dismissal of all claims against all defendants except the following: Wright's substantive due process claim against Penzone in his official capacity based on Wright's confinement in Closed Custody and Wright's procedural due process claim against Penzone in his official and personal capacities and against Vail and Bailey in their personal capacities.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**