[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14285

Non-Argument Calendar

_____

JOEL BARCELONA,

　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

*versus*

H. BURKES,

Ofc,

W. SCHWARZ,

Maj,

A. KEATON,

　　　　　　　　　　　　　　　　　　　　Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cv-05356-MCR-EMT

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Joel Barcelona, a Florida prisoner proceeding *pro se* and *in forma pauperis*, appeals from the district court's dismissal of his third amended complaint for failure to state a claim. In this 42 U.S.C. § 1983 action, Barcelona claims three prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Specifically, he alleges that Officer H. Burkes broke his hearing aid during a cell search and prison officials W. Schwarz and A. Keaton refused to replace it. The district court dismissed the action under 28 U.S.C. § 1915(e)(2)(B) and Section 1915A(b). The district court determined that Officer Burkes was entitled to qualified immunity because Barcelona did not have a clearly established right to a hearing aid to correct his asymmetric hearing loss under *Gilmore v. Hodges*, 738 F.3d 266 (11th Cir. 2013). It also concluded that Barcelona did not state a claim for relief against W. Schwarz or A. Keaton by alleging they merely denied his grievances. We agree, and therefore, we affirm the district court.

**I.**

This appeal concerns a 42 U.S.C. § 1983 action brought by Joel Barcelona, a *pro se* Florida prisoner, against three prison officials for violating his Eighth Amendment rights.

In 2014, Barcelona met with an audiologist, who determined Barcelona had asymmetric hearing loss—"a profound hearing loss in the right ear and only mild hearing loss in the left ear"—and suggested a hearing aid in his left ear. Barcelona did not qualify for a hearing aid at that time because he did not have *bilateral* hearing loss, per the Health Services Guidelines. Barcelona previously sued several prison officials for deliberate indifference for failing to give him a hearing aid, the district court dismissed the suit, and we affirmed in 2021 based on qualified immunity. *Barcelona v. Sec'y, Fla. Dep't of Corr.* ("*Barcelona I*"), 847 F. App'x 689 (11th Cir. 2021).

In 2018, the Health Services Guidelines changed, allowing Barcelona to qualify for a hearing aid. He wore his hearing aid until January 2020, when Barcelona alleges Officer Burkes broke it by throwing it on the ground during a cell search. Barcelona filed a formal grievance to the warden and requested a replacement hearing aid. Major Schwarz denied the grievance because he stated Officer Burkes denied breaking the hearing aid. Barcelona appealed the decision, and A. Keaton, the Representative for the Secretary of the Florida Department of Corrections, denied the appeal due to a procedural defect. Barcelona sued the three prison employees,

alleging they violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical need, *i.e.,* his need for a hearing aid to correct his partial hearing loss.

A magistrate judge reviewed Barcelona's complaint and issued a recommendation and report suggesting dismissal under 28 U.S.C. § 1915A(b) and Section 1915(e)(2)(B). The magistrate judge determined that Officer Burkes was entitled to qualified immunity because no prior precedent clearly established a constitutional violation for deliberate indifference to a serious medical need where a prisoner has only partial hearing loss. The magistrate judge relied on our decision in *Barcelona I* from January 2021 for support that Officer Burkes was not on notice that asymmetric hearing loss was a serious medical need sufficient to give rise to a claim for deliberate indifference when he broke Barcelona's hearing aid in January 2020. As to Schwarz and Keaton, the magistrate judge found that Barcelona failed to state a claim for deliberate indifference where Schwarz and Keaton merely dismissed his grievances.

Barcelona objected to the magistrate judge's report, arguing (1) that he sufficiently stated a claim against all three defendants and (2) that Officer Burkes was not entitled to qualified immunity because our decision in *Gilmore v. Hodges* clearly established the violation of deliberate indifference in failing to provide a hearing aid to correct "serious and substantial hearing loss." 738 F.3d at 276.

The district court adopted the magistrate's report, and *sua sponte* dismissed the case. This appeal followed.

## II.

We review *de novo* dismissals for failure to state a claim under Sections 1915(e)(2)(B) and 1915A(b), applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). We review *de novo* a district court's dismissal based on qualified immunity. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). We accept the allegations in the complaint and view the facts in the light most favorable to the plaintiff. *Id.* Although *pro se* pleadings are liberally construed, they still must suggest some factual support for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

Barcelona erroneously argues that the district court made two errors. First, he contends Burkes is not entitled to qualified immunity because our precedent in *Gilmore* clearly establishes a constitutional violation for deliberate indifference to hearing loss. Second, he contends the district court erred in dismissing his claims because he sufficiently pled a violation of his Eighth Amendment rights for deliberate indifference, as to Burkes when he broke Barcelona's hearing aid and as to Schwarz and Keaton when they failed to replace his hearing aid. We address each argument in turn.

*A.*

First, Barcelona argues the district court erred in granting Officer Burkes qualified immunity. We disagree.

A court must dismiss a complaint filed by a prisoner proceeding *in forma pauperis* if it seeks monetary relief "against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2). "[I]mmune from such relief" includes an entitlement to qualified immunity. *See Redmond v. Fulwood*, 859 F.3d 11, 13 (D.C. Cir. 2017); *Newland v. Reehorst*, 328 F. App'x 788, 791 (3d Cir. 2009) (per curiam); *Martin v. Duffy*, 858 F.3d 239, 250–51, n.3 (4th Cir. 2017); *Chavez v. Robinson*, 817 F.3d 1162, 1167–69 (9th Cir. 2016). Here, Barcelona had the opportunity to object to the magistrate judge's report recommending dismissal based on qualified immunity, and he did. Although pre-service dismissal based on qualified immunity is appropriate only where qualified immunity is apparent on the face of a complaint, this is one such case.

Qualified immunity protects government officials performing discretionary duties from suit "unless they violate a statutory or constitutional right that was clearly established at the time the alleged violation took place." *Gilmore*, 738 F.3d at 272 (internal citation omitted). Officer Burkes acted within the scope of his discretionary authority when searching an inmate's cell. *See* Fla. Admin. Code R. 33-602.203(9)(a) ("All cells . . . may be searched in a reasonable manner at any time."). Therefore, Officer Burkes is entitled

21-14285                Opinion of the Court                    7

to qualified immunity unless: (1) he clearly violated the plaintiff's constitutional rights, and (2) the violated constitutional right was clearly established. *Waldron v. Spicher*, 954 F.3d 1297, 1304 (11th Cir. 2020). We "may undertake these two inquiries in either order." *Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

To determine whether the right was clearly established, we ask whether it would be clear to a reasonable officer that his conduct was unlawful. *Roberts v. Spielman*, 643 F.3d 899, 904–05 (11th Cir. 2011) (internal quotation omitted). We look to binding precedent from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state where the claim arose. *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011). Although we do not require a case on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Here, the constitutional violation Barcelona alleges is deliberate indifference to his serious medical need. The Eighth Amendment prohibition against "cruel and unusual punishment" includes protection against deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference, a plaintiff must show: "(1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Gilmore*, 738 F.3d at 273–74 (cleaned up).

Barcelona contends that our decision in *Gilmore* clearly established the constitutional violation for deliberate indifference to a prisoner's hearing loss requiring a hearing aid. We held in *Gilmore v. Hodges* that "significant and substantial hearing loss that can be remedied by a hearing aid is a serious medical need," where an officer's refusal to treat such hearing loss can give rise to a claim for deliberate indifference under the Eighth Amendment. *Id.* at 278. However, in *Barcelona I*, we determined that it was not clearly established that partial or asymmetric hearing loss was a serious medical need sufficient for a claim for deliberate indifference. *Barcelona I*, 847 F. App'x at 693. In addressing *Gilmore*, we said, "*Gilmore* did not give the defendants fair warning that their alleged conduct was unconstitutional because asymmetrical hearing loss is a substantively different impairment from bilateral hearing loss." *Id.*; *see also Gilmore*, 738 F.3d at 276–77 ("[I]f a plaintiff 'can carry on a normal conversation' and hear and follow directions without the use of a hearing aid, a court would be hard pressed to classify the plaintiff's impairment as a serious medical need.").

The same is true now. Our decision in *Barcelona I*, released in January 2021 and directed to Barcelona's specific type of hearing loss, makes clear that Officer Burkes was not on notice that Barcelona's asymmetric hearing loss was a serious medical need sufficient to give rise to a claim for deliberate indifference in January 2020. Because Barcelona's right to a hearing aid to correct his asymmetric hearing loss was not clearly established at the time of the alleged violations, Burkes is entitled to qualified immunity.

### B.

Second, Barcelona argues the district court incorrectly dismissed his action for failure to state a claim against the remaining defendants. This argument also fails.

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). To state a plausible claim for relief, plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Barcelona has failed to state a plausible claim for deliberate indifference to a serious medical need against Schwarz or Keaton. A prison official acts with deliberate indifference if he subjectively knows the prisoner's risk of serious harm and disregards the risk with conduct amounting to "more than mere negligence." *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Schwarz and Keaton's only alleged involvement is through reviewing Barcelona's grievances against Burkes from breaking his hearing aid. Schwarz denied Barcelona's grievance because Burkes denied breaking Barcelona's hearing aid, and Keaton denied Barcelona's grievance due to procedural defects. These alleged facts, taken as true, do not establish that either Schwarz or Keaton disregarded a risk of harm to Barcelona with conduct amounting to "more than mere negligence." *Id.*

Nor did Barcelona state a claim against Schwarz or Keaton based on their positions. "It is well established that [Section] 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citation omitted). A supervisor may be liable under Section 1983 only if he "personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation." *Id*. Barcelona did not allege any facts connecting Schwarz or Keaton to the destruction of his hearing aid. *Id.; see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under [Section] 1983.").

## IV.

For the reasons stated above, the district court's judgment is **AFFIRMED.**